IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LARRY BRUCE MANGUM,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Civil Case No. 2:16-CV-286 TS<br>Criminal Case No. 2:12-CR-762 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below,

the Court will deny the Motion and dismiss this case.

## I. BACKGROUND

On December 12, 2012, Petitioner was charged with two counts of being a felon in

possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). Petitioner pleaded

guilty to the second count of the Indictment on July 8, 2013.[1] The Presentence Report placed

Petitioner's base offense level at a 20 based on Petitioner's prior felony conviction of a crime of

---

[1] Prior to pleading guilty, Petitioner consented to the preparation and disclosure of a pre-plea Presentence Report. Docket No. 18 in Case No. 2:12-CR-762. Petitioner argues in his Reply that he did not consent to the preparation and disclosure of that report. That argument is not supported by the record. Petitioner also argues in his Reply that he did not review the final Presentence Report. That argument too is not supported. At sentencing, Petitioner stated that he reviewed and discussed the Presentence Report with his counsel. Docket No. 47, at 3 in Case No. 2:12-CR-762.

violence.[2]  The Presentence Report also contained a four-level enhancement for possessing a

firearm in connection with another felony offense.  With a total offense level of 21 and a

criminal history category of IV, Petitioner had a guideline range of 57 to 71 months.

Petitioner's counsel objected to the inclusion of the four-level enhancement.[3]  The

government argued that the four-level enhancement should apply and that the Court should

depart upward under United States Sentencing Guideline ("USSG") § 4A1.3 because Petitioner's

criminal history category substantially under-represented the seriousness of Petitioner's criminal

history and the likelihood that he would reoffend.[4]  The day prior to sentencing, Petitioner's

counsel filed a Sentencing Memorandum, further clarifying the objection to the four-level

enhancement.

At sentencing, the Court overruled Petitioner's objection to the four-level enhancement

and agreed that Petitioner's criminal history was under-represented.  The Court applied a

criminal history category of V, resulting in a guideline range of 70 to 87 months.  After

---

[2] This was based on Petitioner's Arizona conviction for kidnapping.  A prior version of the Presentence Report placed Petitioner's base offense level at a 24 based on him having two felony convictions for either a crime of violence or a controlled substance offense.  The report was later amended in response to counsel's objection that the second conviction fell outside the relevant limitations period.  *See* Docket No. 26 in Case No. 2:12-CR-762.

[3] Counsel argued that the enhancement should not apply because Petitioner was acting in self-defense.  In his Reply, Petitioner argues that counsel failed to investigate this defense.  Petitioner's argument is belied by the record.

[4] In his Reply, Petitioner argues that he was not given sufficient notice of this potential departure prior to sentencing.  Petitioner relies on USSG § 6A1.4, which states: "Before the court may depart from the applicable guideline range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure."  *See also* Fed. R. Crim. P. 32(h).  Here, the government clearly identified its request for an upward departure in its prehearing filing.  Therefore, no further notice was required.

considering the factors set forth in 18 U.S.C. § 3553(a), the Court imposed a sentence of 87 months.

Petitioner filed a direct appeal.  On appeal, Petitioner argued that the Court erred in departing upward.  The Tenth Circuit Court of Appeals affirmed Petitioner's sentence.  Petitioner timely filed the instant Motion.  Petitioner raises four arguments in his Motion.  Petitioner argues that Congress lacked the authority to criminalize the possession of firearms by convicted felons. Petitioner also raises three claims of ineffective assistance of counsel.[5]  In addition, Petitioner filed a Motion seeking to add a claim under *Johnson v. United States*.  The Court will discuss each in turn.

## II.  DISCUSSION

### A.    COMMERCE CLAUSE

Petitioner argues that Congress exceeded its authority by regulating the possession of firearms by convicted felons.  Petitioner did not raise this argument during his underlying criminal case and did not raise it on direct appeal.

The Supreme Court has ruled that because "a final judgment commands respect," it has "long and consistently affirmed that a collateral challenge may not do service for an appeal."[6] Generally, a §2255 motion cannot be used to test the legality of matters which should have been raised on appeal.[7]  If an issue is not raised on direct appeal, the defendant "is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural

---

[5] Petitioner raises seven issues in his Reply.  Many of those issues relate to the claims made in the original Motion.  The Court has addressed Petitioner's other arguments as necessary.

[6] *United States v. Frady*, 456 U.S. 152, 165 (1982).

[7] *United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered."[8]

Petitioner has failed to demonstrate cause, prejudice, or a fundamental miscarriage of justice.  Petitioner argues that counsel's ineffectiveness in failing to raise this issue constitutes cause for his default.  "[I]n order to satisfy the cause and prejudice standard, defendant must show not only that his counsel's representation fell below an objective standard of reasonableness, but also that there is a reasonable probability that but for the error, he would have prevailed."[9]  Petitioner has failed to make either showing.  The Tenth Circuit has repeatedly rejected the argument that Congress lacked the power under the Commerce Clause to enact 18 U.S.C. § 922(g).[10]  Thus, counsel was not ineffective in failing to raise a frivolous argument.[11]  Even if counsel had made such an argument, that argument would not have prevailed as it is directly contrary to Tenth Circuit precedent.  For substantially the same reasons, Petitioner has failed to show that failure to consider the claim would result in a fundamental miscarriage of justice.  Therefore, Petitioner's claim must be dismissed.

B.    INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's Motion raises three claims for ineffective assistance of counsel.  Petitioner argues that his counsel was ineffective for advising him to plead guilty, failing to timely object to

---

[8] *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also Frady*, 456 U.S. at 167–68.

[9] *United States v. Walling*, 982 F.2d 447, 449 (10th Cir. 1992).

[10] *See United States v. Becknell*, 601 F. App'x 709, 717 (10th Cir. 2015) (collecting cases).

[11] *See Cannon v. Mullin*, 383 F.3d 1152, 1177 (10th Cir. 2004) (failure to raise meritless claims is not ineffective assistance).

a sentencing enhancement, and failing to obtain a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel.  "To determine ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[12]  To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[13]

A court is to review Petitioner's ineffective-assistance-of-counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[14]  In addition, in evaluating counsel's performance, the focus is not on what is prudent or appropriate, but only what is constitutionally compelled.[15]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[16]

### 1.    Guilty Plea

Petitioner argues that his counsel was ineffective for advising him to plead guilty. Petitioner contends that the government had agreed not to seek a four-level enhancement under

---

[12] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

[13] *Strickland*, 466 U.S. at 694.

[14] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[15] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[16] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (quoting *United States v. Williams*, 948 F. Supp. 956, 960 (D. Kan. 1996)).

Sentencing Guideline § 2K2.1.[17]  Petitioner provides nothing to support his assertion that the

government agreed to forego the four-level enhancement and the evidence provided by the

government directly refutes Petitioner's statement.  The government has presented an email from

the prosecutor to Petitioner's counsel prior to the entry of the plea wherein the prosecutor stated

that, under the plea agreement, "[t]he parties make no agreements with respect to sentencing

enhancements or recommendations."[18]  In addition, the government has presented a statement

from Petitioner's counsel in which he states that the government never promised not to seek any

particular sentencing enhancements and no such promise was conveyed to Petitioner.  Moreover,

there is nothing in the plea agreement that would support Petitioner's claim that the government

agreed not to pursue certain sentencing enhancements.  The only items agreed to by the

government in the plea agreement were the dismissal of Count I and appropriate credit for

acceptance of responsibility.  At the change of plea hearing, Petitioner acknowledged that no

other promises were made to him that were not contained in the plea agreement.[19]  Petitioner's

plea was entered into knowingly and voluntarily, and did not contain any agreement that the

---

[17] Presumably, Petitioner is referring to the four-level enhancement for possessing a firearm in connection with another felony offense.  USSG § 2K2.1(b)(6)(B).  However, Petitioner may be referring to a four-level change in the base offense level for having two prior convictions for felony convictions of a crime of violence or a controlled substance offense. *Compare* USSG § 2K2.1(a)(2) *with* USSG § 2K2.1(a)(4).  The Presentence Report initially applied a base offense level of 24 based on Petitioner having two such prior convictions. However, the base offense level was revised to a 20, based on counsel's objection that the second prior conviction was outside the relevant limitations period.  Docket No. 26 in Case No. 2:12-CR-762. At sentencing, the government acknowledged that it agreed with counsel's objection and that the base offense level was correctly reduced to a 20.  Docket No. 47, at 12 in Case No. 2:12-CR-762.  Thus, any argument based on this issue is without merit.

[18] Docket No. 7 Ex. A in Case No. 2:16-CV-286.

[19] Docket No. 42, at 3–4 in Case No. 2:12-CR-762.

government would not seek the four-level enhancement under USSG § 2K2.1(b)(6)(B).

Therefore, the Court must reject Petitioner's claim.

>    2.    *Sentencing*

Petitioner next argues that counsel was ineffective in failing to file an objection to the

Presentence Report based on the four-level enhancement and that the Court refused to consider

such an objection.  Petitioner argues that had counsel filed a timely objection, the objection more

likely than not would have been sustained.

Petitioner's argument rests on a false premise.  Counsel did file an objection to the

Presentence Report.[20]  Counsel filed an objection two months prior to sentencing and filed a

more detailed memorandum the day before sentencing.[21]  Further, while the Court chastised

counsel for the late filing, the Court nevertheless considered counsel's argument.  The Court

heard detailed arguments concerning the application of the enhancement at the sentencing

hearing and ultimately overruled Petitioner's objection.  Thus, counsel was not deficient and any

deficiency in counsel's performance did not prejudice Petitioner.  The Court rejected counsel's

argument for reasons completely unrelated to the timing of the objection.  Therefore, this claim

fails.

>    3.    *11(c)(1)(C) Plea*

Petitioner next argues that counsel was ineffective in failing to request a plea under

Federal Rule of Criminal Procedure 11(c)(1)(C).  The evidence presented shows that counsel did

request an 11(c)(1)(C) plea, but that the government would ultimately not agree to a sentence

---

[20] Docket No. 26 in Case No. 2:12-CR-762.

[21] Docket No. 31 in Case No. 2:12-CR-762.

that Petitioner found acceptable.  Therefore, no agreement was reached and Petitioner agreed to

plead guilty based on the agreement discussed above.  Based upon this, the Court finds no

deficient performance on the part of Petitioner's counsel.  Counsel inquired as to a binding plea

agreement, but Petitioner ultimately decided not to enter into such an agreement.  Further, an

11(c)(1)(C) agreement would have likely precluded Petitioner from making the very arguments

his counsel made at sentencing.  Thus, there are legitimate reasons why counsel chose not to

further pursue a binding plea agreement.  Therefore, this claim fails.

C.     *JOHNSON* CLAIM

In addition, to the arguments set forth above, Petitioner filed a Motion Seeking

Permission to File Supplemental Brief.  Petitioner's Motion seeks to assert an argument that his

sentence was incorrectly calculated based on *Johnson v. United States*.[22]

The Supreme Court in *Johnson* invalidated the residual clause of the Armed Career

Criminal Act ("ACCA").  The definition of a "crime of violence" under the Sentencing

Guidelines in effect at the time of Petitioner's sentencing was similar to the offending definition

of "violent felony" under the ACCA.  Petitioner argues that his prior conviction for kidnapping

should not have been considered a crime of violence, which would have resulted in a lower base

offense level.

Petitioner did not raise a *Johnson* claim in his initial Motion.  This new argument

attempts to insert a new theory in this case and, therefore, does not relate back to Petitioner's

---

[22] 135 S. Ct. 2551 (2015).

8

original Motion.[23]  Therefore, the Court will treat Petitioner's Motion Seeking Permission to File

Supplemental Brief as a second or successive § 2255 motion.[24]

"Before a federal prisoner may file a second or successive motion under § 2255, the

prisoner must first obtain an order from the appropriate court of appeals authorizing the district

court to consider the motion."[25]  "A district court does not have jurisdiction to address the merits

of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted

the required authorization."[26]  However, before transferring a second or successive motion under

§ 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is

in the interest of justice to do so.[27]

The Tenth Circuit has delineated factors a court should consider in determining whether

it is in the interest of justice to transfer a second or successive § 2255 motion.  These factors

include:

> whether the claims would be time barred if filed anew in the proper forum,
> whether the claims are likely to have merit, and whether the claims were filed in
> good faith or if, on the other hand, it was clear at the time of the filing the court
> lacked the requisite jurisdiction.[28]

Considering these factors, the Court finds that it is not in the interest of justice to transfer

Defendant's Motion.  Defendant's claim would be time-barred under 28 U.S.C. § 2255(f).

---

[23] *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000).

[24] *Id.* at 503 (affirming the treatment of an untimely amendment to a § 2255 motion as a second or successive habeas petition).

[25] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[26] *Id.* at 1251.

[27] *See* 28 U.S.C. § 1631.

[28] *In re Cline*, 531 F.3d at 1251.

9

Petitioner's conviction became final no later than June 10, 2015.[29]  Petitioner did not file his

Motion Seeking Permission to File Supplemental Brief until June 20, 2016, ten days after the

deadline in § 2255(f)(1).  Petitioner's Motion attempts to rely on the deadline established by §

2255(f)(3).  However, Petitioner's reliance on that provision is misplaced because the rule

announced in *Johnson* has not been applied to the guidelines.  The Supreme Court in *Beckles v.*

*United States* held that the sentencing guidelines are not subject to vagueness challenges under

the Due Process Clause.[30]  The Court held that *Johnson*'s vagueness holding does not apply to

the guidelines under which Petitioner was sentenced.  Thus, Petitioner's Motion is not subject to

§ 2255(f)(3).  For substantially the same reasons, Petitioner's claims are not likely to have merit.

Petitioner's claim depends on the application of *Johnson* to the Sentencing Guidelines.  Since it

does not, Petitioner's claim must fail.  Therefore, the Court declines to transfer Petitioner's

Motion and lacks jurisdiction to consider this claim.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:16-CV-286 TS) is

DENIED.  It is further

ORDERED that Petitioner's Motion Seeking Permission to File Supplemental Brief

(Docket No. 5) is DENIED.  It is further

---

[29] The Tenth Circuit issued its decision affirming Petitioner's sentence on February 18, 2015, but did not issue its mandate until March 12, 2015.  The Court has used the later date to determine the limitations period.

[30] ---U.S.---, ---S.Ct.---, 2017 WL 855781, at *5–6 (Mar. 6, 2017).

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an

evidentiary hearing is not required.  It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court

DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:16-CV-286 TS forthwith.

DATED this 9th day of March, 2017.

BY THE COURT:

_____

Ted Stewart
United States District Judge